# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:08CR00024-007 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **KERRY DONNELL LEE, JR.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Kerry Donnell Lee, Jr., Pro Se Defendant.*

The defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. After reviewing the record, I deny the motion as untimely filed.

## I.

I entered Lee's criminal judgment on June 8, 2009, sentencing him to 180 months incarceration after he pleaded guilty to conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Lee did not appeal.

Lee filed a document in November 2012 that the court construed as attempting to collaterally attack his sentence. The court ultimately dismissed the document without prejudice to filing a future § 2255 motion because Lee failed to consent to that construction in accordance with *Castro v. United States*, 540 U.S.

375, 377 (2003).  Although dismissed without prejudice, Lee sought authorization from the Court of Appeals for the Fourth Circuit in June 2014 to file a successive § 2255 motion, and the Court of Appeals dismissed that request on July 14, 2014, as unnecessary.

Lee commenced this collateral attack no earlier than August 21, 2014, alleging that the court lacked jurisdiction, the prosecutor violated legal and professional standards, trial counsel rendered ineffective assistance, and his sentence was erroneously imposed.   Lee cites to *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), *Whiteside v. United States*, 748 F.3d 541, 543 (4th Cir. 2014), and *Miller v. United States*, 735 F.3d 141, 142 (4th Cir. 2013), in support of his claims.

The court conditionally filed the § 2255 motion, advised him that the motion appeared untimely, and gave him the opportunity to explain why the court should consider the motion timely filed.  Lee argues that I should consider the motion to be timely filed because he misunderstood that he did not need to receive authorization from the court of appeals to file a § 2255 motion.

## II.

Federal inmates in custody may attack the validity of their federal sentences by filing motions, pursuant to 28 U.S.C. § 2255, within the one-year limitations

period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Lee's criminal judgment became final in June 2009 when the time to note an appeal expired. *See Clay v United States*, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Lee had until June 2010 to timely file a § 2255 motion, but he did not commence this collateral attack until August 2014.

Liberally construed, Lee argues that his motion should be considered timely filed under § 2255(f)(3) because of *Alleyne*, *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *Simmons v. United States*, 561 U.S. 1001 (2010). However, none of the authorities Lee cites qualify under § 2255(f)(3) as authorities issued by

-3-

the Supreme Court of the United States that recognized a new right made retroactively applicable to cases on collateral review. *See, e.g.*, *United States v. Powell*, 691 F.3d 554, 559-60 (4th Cir. 2012). Therefore, I find that § 2255(f)(1) is the appropriate limitations period, and Lee filed the instant motion more than one year after his conviction became final.

Equitable tolling is available only in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). I do not find that Lee pursued his rights diligently or that an extraordinary circumstance prevented him from filing a timely § 2255 motion. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Furthermore, Lee's reliance on *Whiteside* is misplaced because that opinion was vacated upon en banc consideration. *Whiteside v. United States*,

-4-

No. 13-7152, 2014 WL 7245453, at *7 (4th Cir. Dec. 19, 2014) (en banc) (declining, on rehearing, to extend equitable relief to a § 2255 movant actually innocent of the career offender sentencing enhancement that was lawfully imposed but later invalidated by subsequent case law). Accordingly, Lee filed the § 2255 motion beyond the one-year limitations period, he is not entitled to equitable tolling, and the § 2255 motion must be denied.

III.

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence is denied. A separate Final Order will be entered herewith.

DATED: February 2, 2015

/s/  James P. Jones
United States District Judge

-5-